# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 725 | **DATE** | 1/18/2002 |
| **CASE TITLE** | Brennan vs. The Paul Revere Life Ins. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached order, defendants are directed to produce to plaintiff's counsel, within 72 hours of this order, copies of the Paul Revere and provident complaint registers that were provided to the Court for in camera review. Defendants are also ordered to show cause in writing, by 2/8/02, why they should not be sanctioned for providing the Court with an arguably false affidavit. The case is set for a status hearing on 2/22/02 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 94 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | JAN 2 3 2002 date mailed notice | |
| OR | courtroom deputy's initials | 02 JAN 22 PM 5:20 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY J. BRENNAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00 C 0725 |
| ) | |
| THE PAUL REVERE LIFE ) | |
| INSURANCE COMPANY, PROVIDENT) | |
| COMPANIES, INC. AND PROVIDENT ) | |
| LIFE AND ACCIDENT INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1989, Timothy Brennan purchased a disability income insurance policy from Paul Revere Life Insurance Company. He made a claim on the policy in June 1997, and the insurer accepted the claim and began paying Brennan benefits in September 1997. In January 1999, following a medical examination conducted at the insurer's behest, Brennan's benefits were terminated. Brennan filed suit against Paul Revere, Provident Companies, and Provident Life and Accident Company, seeking a declaration that he is disabled within the meaning of the policy, claiming that defendants had vexatiously and unreasonably denied his claim, and alleging fraud and consumer fraud. The Court recently granted defendants summary judgment on the latter two claims but denied their motion for summary judgment on the claim of vexatious and unreasonable conduct. *Brennan v. Paul Revere Life Insurance Co.*, No. 00 C 725, 2002 WL 54558 (N.D. Ill. Jan. 15, 2002).

In November 2000 Brennan filed a motion to compel discovery. Among other things, he sought to enforce a document request in which he sought from each of the three defendants, as well as their successors and corporate parents, "customer complaints and logs or other records of all customer complaints concerning your claims handling practices for claims made under disability insurance policies." *See* Doc. Request 42, attached as Exhibit C to Plaintiff's Motion to Compel and Motion for Costs and Attorney's Fees. Defendants objected to the request as overly broad and unduly burdensome. *Id.* In response to the motion to compel, defendants submitted the affidavit of an individual identified as an Advanced Senior Paralegal for UnumProvident Corporation.[1] (Paul Revere was acquired by Provident Companies, Inc. in 1997, and Provident Companies in turn merged with Unum Corporation in 1999, forming an entity called UnumProvident Corporation.)

With regard to request 42, the affiant stated, in part:

> Defendants do not maintain a filing system or database that would allow for the retrieval of documents responsive to this request without conducting a manual search of every litigation and claim file (both open and closed).

Affidavit at ¶9. The affiant described the vast number of claim and litigation files that Paul Revere and Provident had, and she averred that the search required by request 42 would be unduly burdensome and disruptive of the companies' ordinary business. *Id.* at ¶¶9-10. Relying on the affiant's statements, the Court declined to enforce request 42, ruling that it was unfairly burdensome. *See* Transcript of Proceedings, Jan. 3, 2001, at 24.

---

[1] The Court has not identified the paralegal by name because no final determination has yet been made regarding whether her affidavit was false.

2

A number of months later, in connection with another discovery dispute, the Court had occasion to review, *in camera,* a June 4, 1999 report prepared by the accounting firm Arthur Andersen & Co. at the behest of the Maine Department of Insurance when that Department was considering whether to approve the merger between Unum and Provident. The report, at page 60, referred to "complaint registers" that the firm had received from both entities and described them as including both consumer complaints and complaints by state insurance regulators. Following review of this report, the Court advised the parties that it had relied on the paralegal's affidavit in determining that enforcement of request 42 would be unduly burdensome and stated that based on what we had seen in the Arthur Andersen report, that reliance might have been ill-advised. We directed defendants' counsel to produce for *in camera* review the complaint registers for Provident for 1995 through 1999, the years covered by request 42 as narrowed by plaintiff's counsel. Transcript of Proceedings, Sept. 24, 2001, at 20-22. In complying with this request, counsel produced not only the Provident registers for 1995 through 1999 but also complaint registers for Paul Revere for those years, the existence of which had not previously been made known to the Court.

The Court has now reviewed the complaint registers. Their very existence indicates that the affiant's statements were untrue. The affiant stated that "[d]efendants do not maintain a filing system or database that would allow for the retrieval of documents responsive to this request without conducting a manual search of every litigation and claim file (both open and closed)." To the contrary, the complaint registers provide a far narrower universe in which to search, namely those matters in which a complaint was made. The Provident complaint registers narrow it down even further: they provide a breakdown which appears to identify the type of

policy at issue, and for some years there is a further breakdown regarding the nature of the complaint (e.g., "claim handling," "underwriting," etc.). The Paul Revere complaint registers are a bit harder to decipher but do appear to include a breakdown for the category of person who generated the complaint. Though the Paul Revere registers may not provide any information regarding the type of policy, again they define a universe far narrower than the one that the affiant described. If the Court had been aware of these documents, we would not have relieved Provident from the obligation to produce documents in response to request 42, because the search for responsive documents would not have been unduly burdensome.

The Court's review of these materials gives us reason to believe that defendants may have provided a false affidavit, intending that we rely on it in making our ruling on plaintiff's motion to compel. Whether or not defendants knowingly submitted a false affidavit, what we have learned from the complaint registers has a material impact on our ruling regarding request 42. Our earlier ruling on that point is vacated. Defendants are directed to produce to plaintiff's counsel, within 72 hours of this order, copies of the complaint registers that were provided to the Court for *in camera* review. Plaintiff's counsel may use these documents only for purposes of the present lawsuit and may not disclose them to non-parties without prior leave of Court.[2] Following their review of this material, plaintiff's counsel may make a further document request to defendants for materials referenced in the complaint registers that may bear on the issues that remain for trial in this case. This is to be done promptly, so that the Court is in a position to address any possible disputes by no later than February 14, 2002.

---

[2] Counsel are to be given copies of the registers and will not be limited to reviewing copies at the offices of defendant's counsel.

4

In addition, defendants are ordered to show cause in writing why they should not be sanctioned for providing the Court with an arguably false affidavit. Defendants' submission is to be made on or before February 8, 2002. The case is set for a status hearing on February 15, 2002 at 9:30 a.m., at which time the Court will address what, if any, further submissions will be required.

Finally, the Court notes that in our estimation, these matters would have had no bearing on the summary judgment ruling that we recently made. We granted summary judgment in defendants' favor on counts 3 and 4 because those claims concerned whether the policy had effectively been illusory when issued by Paul Revere in 1989; the complaint registers for 1995 through 1999 (the only years covered by the document request as narrowed by plaintiff) would have had no bearing on that issue. Though the registers may have a bearing on the claim of vexatious and unreasonable conduct, we denied defendants' motion for summary judgment on that claim, and thus plaintiff will be fully able to evaluate whether to seek to use at trial the complaint registers or any information that he obtains following review of the registers.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　MATTHEW F. KENNELLY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date: January 18, 2002

5